NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
HAPPY CHEF, INC.,                                 :
                                                           :
            Plaintiff,                                  :
                                                           :          Civil Action No. 07-5020 (JAG)
            v.                                           :
                                                           :                  OPINION
JOEY DAUBEN, A/K/A DAUBEN INC.     :
D/B/A TEXAS INTERNATIONAL           :
PROPERTY ASSOCIATES,                  :
                                                           :
            Defendant.                                :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), and/or improper venue, pursuant to FED. R. CIV. P. 12(b)(3), by defendants Joey Dauben ("Dauben") and Dauben Inc., d/b/a Texas International Property Associates ("Texas International," and, collectively with Dauben, the "Defendants").[1]  For the reasons set forth below, Defendants' motion seeking dismissal for lack of personal jurisdiction shall be granted.  Accordingly, Defendants' motion to dismiss for improper venue shall be denied, as moot.

---

[1] In their brief, Defendants assert that "Plaintiff's complaint is poorly pled in that it appears to name the corporate president as the main Defendant, describing a separate corporate entity as an 'also known as' alias."  (Def. Br. 2.)  According to the Complaint, Plaintiff alleges that "there is such a unity of interest and ownership between Dauben, Inc. and Mr. Dauben that Dauben, Inc. is merely the alter ego of Mr. Dauben."  (Compl. ¶ 13.)  For the purposes of this motion, since neither Dauben nor Texas International have divergent contacts with the state of New Jersey, this Court need not discern whether Dauben exists as a separate party-defendant.

## I.  FACTS

Plaintiff Happy Chef, Inc. ("Plaintiff") is a New Jersey corporation with its principal place of business in Butler, New Jersey.  (Id. at ¶ 6.)  Dauben is a resident of the state of Texas, and Texas International is a Texas corporation with its principal place of business in Texas.  (Id. at ¶¶ 7-8.)

Plaintiff is a purveyor of cookware, chef uniforms, kitchen utensils, and cutlery, with a national presence in the media and on the Internet.  (Id. at 6.)  "Plaintiff's business includes selling these goods via catalog, phone sales and through a website on the Internet with the address www.happychefuniforms.com . . . ."  (Id.)  Plaintiff registered the term "Happy Chef" as a trademark.  It also registered the domain name www.happychefuniforms.com.  (Id. at ¶¶ 19, 22.)

Plaintiff alleges that Texas International set up Internet websites using the domain names www.happychefclothing.com and www.happychefsuniforms.com (collectively, the "Websites").  (Id. at 24.)  Texas International's operation of the Websites "has caused, and if not enjoined, will continue to cause, consumers to be confused as to the affiliation, connection, or association of Texas' Internet sites with Happy Chef . . . ."  (Id. at 26.)  According to Plaintiff, Texas selected these domain names with the express purpose and intent of using the goodwill and fame of the "Happy Chef" trademark.  (Id. at 27.)

On May 2, 2007, Plaintiff wrote to Texas International demanding that it cease and desist from any further use of the "Happy Chef" mark.  (Id. at 28.)  However, Texas International has not taken down the Websites.  (Id. at 29.)

On October 18, 2007, Plaintiff filed an eight-count Complaint against Defendants, based

on their alleged unlawful use of the trademark "Happy Chef." (Compl. ¶ 5.) In response, Defendants filed the instant motion to dismiss, arguing that this Court lacks personal jurisdiction over them, as they have absolutely no contacts with the State of New Jersey. (Def. Br. 1.) Additionally, Defendants argue that venue is improper because none of the acts giving rise to this claim occurred in New Jersey. (Id.)

## II. STANDARD OF REVIEW

### A. Personal Jurisdiction

A federal court sitting in diversity must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of jurisdiction violates Due Process of the Fourteenth Amendment. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996). In this forum, the inquiry is collapsed into a single step, because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process as defined under the Constitution of the United States. As such, federal law defines the parameters of this Court's in personam jurisdiction. See IMO Indus., Inc., 155 F.3d at 259.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The plaintiff has the burden of proving that the defendant purposefully availed

3

itself of the forum state.  Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

Specific jurisdiction is invoked when a claim is related to or arises out of the defendant's contacts with the forum.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984).  A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).  What constitutes minimum contacts varies with the "quality and nature of defendant's activity."  Hanson, 357 U.S. at 253.  In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation."  Keeton v. Hustler, 465 U.S. 770, 775 (1984).  Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action.  United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988).  The unilateral acts of the plaintiff, however, will not amount to minimum contacts.  Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253.  The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Assuming minimum contacts have been established, a court must then consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc., 149 F.3d 197, 201 (3d Cir. 1998).  For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen, 444 U.S. at

4

292.  To determine reasonableness, a court considers the following factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering substantive social policies.  Id.  Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities."  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (Brennan, J., concurring) (quotations omitted); Pennzoil, 149 F.3d at 207.

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To establish general jurisdiction, the plaintiff "must show significantly more than mere minimum contacts" with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

**B.**     **Venue**

28 U.S.C. § 1391(a) provides that venue is proper in a district for an action based solely on diversity jurisdiction: 1) where any defendant resides, if all defendants reside in the same state; 2) where a substantial part of the events occurred that give rise to the claim; or, in the event that neither 1) nor 2) is proper, 3) where any defendant is subject to personal jurisdiction.  A

defendant corporation is deemed to reside, for purposes of venue under 28 U.S.C. § 1391, in any judicial district in which the corporation is subject to personal jurisdiction at the time litigation is commenced.  28 U.S.C. § 1391(c).  The substantiality requirement of 28 U.S.C. § 1391(a)(2) is designed to protect the defendant from being "haled into a remote district having no real relationship to the dispute" based on events having only a "tangential connection" with the forum.  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

### III.  ANALYSIS

This Court shall first analyze whether in personam jurisdiction over Defendants is proper. Plaintiff concedes that it cannot show that this Court has general jurisdiction over Defendants. (Pl. Opp. Br. 6.)  As such, this Court need only analyze whether Plaintiff has established that this Court may exercise specific jurisdiction over Defendants.

The recent advent of the Internet in the late twentieth century has spawned the development of case law declaring when a company's forays into commercial web sites exposes it to personal jurisdiction within a particular state.  In addressing the development of this doctrine, the Third Circuit has held that the operation of a commercially interactive web site, accessible in the forum state, is insufficient to support personal jurisdiction by itself.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003); see also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997).  "If a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the 'purposeful availment' requirement is satisfied."  Step Two, 318 F.3d at 452.  "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the

Internet." Cybersell, 130 F.3d at 419 (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

Here, the Websites hardly constitute interactive mediums through which Defendants purposefully interact with New Jersey or its residents. The content of the Websites is supplied and maintained by a third party based outside of the United States, and consists of hyperlinks and search engines used to find other web sites that may fulfill the visitor's needs. (Decl. of Joey Dauben ("Dauben Decl.") ¶ 5.) The products and services listed as hyperlinks on the Websites are offered by third parties that are independent from Texas International. (Id.) No purchases can be made from the Websites, and visitors are neither asked nor given the opportunity to submit their personal information on the Websites. (Id.) Plaintiff, who bears the burden of proof of proving this Court's jurisdiction over Defendants, has set forth no evidence showing that New Jersey residents visited the Websites.[2] See Cybersell, 130 F.3d at 419 (holding that Arizona federal court lacked personal jurisdiction over Floridian defendant, who maintained passive website which allegedly posted plaintiff's trademark, because defendant did nothing to encourage people in Arizona to visit its web site, and because defendant did not enter into contracts with, make sales to, or receive messages from persons in Arizona). In short, the Websites are hardly interactive, and do nothing to promote or solicit commercial activity from the state of New Jersey. See id. at 418 (defining "interactive web sites" as sites "where users can exchange information with the host computer . . . .").

---

[2] Contrary to Plaintiff's argument in its brief, Plaintiff's decision to mail a cease and desist letter to Defendants did not expose Defendants to suit in New Jersey, as the unilateral actions of a plaintiff cannot form the basis of a defendant's minimum contacts with a state. Helicopteros Nacionales de Colombia, 446 U.S. at 414.

In addition, exposing Defendants to suit in New Jersey based on their registration of the Websites' domain names would not be consistent with constitutional due process. "Creating a site, like placing a product into the stream of commerce, may be felt nationwide – or even worldwide – but, without more, it is not an act purposefully directed toward the forum state." Bensusan Rest. Corp. v. King, 937 F. Supp. 295, 301 (S.D.N.Y. 1996), aff'd 126 F.3d 25 (2d Cir. 1997). Plaintiff does not allege any facts showing that Defendants encouraged New Jersey residents to visit the Websites, or that it conducts a portion of its business in New Jersey. Indeed, Defendants are not registered to do business in New Jersey, have received no revenue or income from persons or entities located in New Jersey, and have no offices, employees, or bank accounts in New Jersey. (Dauben Decl. ¶ 4.)

Defendants' creation of two passive web sites does not constitute an act intentionally targeting the state of New Jersey, such that Defendant should have expected to be haled into court here. Therefore, this Court finds that it lacks personal jurisdiction over Defendants.[3]

---

[3] Since this Court shall grant Defendants' motion to dismiss for lack of personal jurisdiction, it need not decide whether venue in this Court is proper. The motion to dismiss for improper venue is denied, as moot.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), shall be granted.  Defendant's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(3), shall be denied, as moot.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: August 25, 2008